Dismissed and Memorandum Opinion filed April 21, 2005









Dismissed and Memorandum Opinion filed April 21, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00263-CV

____________

 

CAPITOL STATE MORTGAGE CORP, and
FRANK JEFFREYS, Appellants

 

V.

 

MICHAEL IZARD and TRACY IZARD, Appellees

 



 

On Appeal from the
9th District Court

Waller County, Texas

Trial Court Cause No. 00-05-15397

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from a judgment signed November 15,
2004.  No clerk=s record has been filed.  The clerk responsible for preparing the
record in this appeal informed the court appellants did not make arrangements
to pay for the record.  

On March 22, 2005, notification was transmitted to all
parties of the Court's intent to dismiss the appeal for want of prosecution
unless, within fifteen days, appellants paid or made arrangements to pay for
the record and provided this court with proof of payment.  See Tex.
R. App. P. 37.3(b).








On March 31, 2005, appellees filed a motion to dismiss the
appeal for lack of jurisdiction, asserting that the notice of appeal was filed
one day late.  Appellees also requested
sanctions for a frivolous appeal. 
Appellants filed a response to appellees= motion and a request for sanctions,
claiming that the notice of appeal was timely because it was filed within three
days of the overruling of the motion for new trial.[1]  On April 13, 2005, appellees filed a reply to
appellants= response.

Absent a clerk=s record, the court is unable to
determine whether the notice of appeal was timely filed or if sanctions are
appropriate.  Accordingly, we deny
appellants= and appellees= requests for sanctions.  Because the appeal is being dismissed for
failure to make arrangements for the filing of a clerk=s record, we deny appellees= motion to dismiss for lack of
jurisdiction as moot.

The appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 21, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.

 











[1]  Appellants
misunderstand the rules of perfection. 
The deadline for filing a notice of appeal is not based on the date the
motion for new trial is overruled. 
Rather, a notice of appeal is to be filed either 30 days from the date
judgment is signed, or if a timely motion for new trial is filed, the notice of
appeal is due 90 days from the date the judgment is signed.  See Tex.
R. App. P. 26.1.